C. AULTMAN & Co. *vs.* MORRIS R. BROWN.

November 7, 1888.

**Evidence—Parol Agreement to Vary Acceptance.**—A written contract (an acceptance) cannot be varied by proof of a contemporary parol agreement importing conditions not expressed in the writing.

Plaintiff (a corporation) brought this action in the district court for Polk county on defendant's acceptances of two orders of $300 each, drawn on him by F. St. Germain, and directing payment "out of such funds as you may collect from N. Brosseau," each acceptance being as follows: "Accepted, payable by myself or assigns from the proceeds of notes made by N. Brosseau to me, and due December 1883, 1884 and 1885, when collected, but am not responsible for the collection of said notes." In the answer the defendant admitted that prior to suit brought he had realized $1,500, and no more, from a sale of the Brosseau notes, (which were for $3,000 in the aggregate,) and alleged that no more could be obtained from them, and that prior to the making of the acceptances he had advanced to St. Germain in

cash and had accepted his orders to the amount of $1,900. He further alleged that at the date of the acceptances he informed plaintiff's agent who obtained them of these advances, and that if the notes were paid in full there would be funds in his hands to pay upon plaintiff's orders, "and that the said acceptance was made, as expressed therein, conditional upon the collection of all the notes mentioned therein, and was so understood and accepted by the plaintiff at the time."

At the trial, before *Mills*, J., and a jury, the defendant offered parol evidence to prove the agreement with plaintiff pleaded in his answer. This was excluded on plaintiff's objection, and the defendant excepted. A verdict was directed for plaintiff, a new trial was refused, and the defendant appealed.

*John N. Ives* and *P. C. Schmidt,* for appellant.

*Pierce & Cromb* and *W. E. Akers,* for respondent.

DICKINSON, J. The evidence of the parol agreement, contemporaneous with the written acceptance, was properly excluded. The agreement thus sought to be shown was of a nature to vary the definite legal obligation clearly expressed in the written contract, and, if allowed to affect the case, it would have made the defendant's liability to be different from that expressed in the written instrument. It would have made that liability to depend upon conditions not there expressed or referred to.

Order affirmed.